MEMORANDUM**
Carrie Quinn appeals the district court’s grant of summary judgment and conclusion that a debt owed to her by her former boss, William Parke Barry, arising out of a sexual harassment judgment she obtained against him, is dischargeable pursuant to 11 U.S.C. § 523(a)(6). We reverse the grant of summary judgment and remand to the bankruptcy court to determine whether Barry’s conduct was willful.
Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt “for willful and malicious injury by the debtor to another entity or to the property of another entity.” The willfulness test is subjective: “[Section] 523(a)(6)’s willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct.” In re Su, 290 F.3d 11401142 (9th Cir.2002).
The bankruptcy court applied the collateral estoppel doctrine, and concluded that the jury had already determined that Barry’s conduct was willful. However, as Quinn conceded at oral argument, collateral estoppel does not apply because the jury in the sexual harassment case did not decide the question of whether Barry’s conduct was willful.
Moreover, contrary to Quinn’s assertion that willfulness is implicit in all acts of sexual harassment, an intent to injure or a belief that injury is substantially certain to result is not an element of hostile work environment sexual harassment. See Guthrey v. State of California, 63 Cal.App.4th 1108, 1122-23, 75 Cal.Rptr.2d 27 (1998) (holding that the elements of sexual harassment are “ ‘(1) [p]laintiff belongs to a protected group; (2) plaintiff was subject to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the harassment complained of was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment; and (5) respondeat superior.’ ”) (citation omitted). Thus, the bankruptcy court erred in entering summary judgment in Quinn’s favor.
The district court correctly reversed the bankruptcy court’s summary judgment order in favor of Quinn, but it erred in ordering summary judgment in favor of Barry. Barry is not entitled to summary judgment for the same reason that summary judgment in favor of Quinn is not appropriate: collateral estoppel does not apply because the issue of whether Barry acted willfully was never decided by the jury. In finding in Barry’s favor on Quinn’s claim for intentional infliction of emotional distress, the jury merely found that Barry did not intend to cause Quinn to suffer one particular type of harm — emotional distress. The jury’s findings did not reach the question of whether Barry intended to cause Quinn any harm at all, i.e., the harm *900 of being subjected to offensive pornographic images.
Because the jury never decided the issue of -willfulness, collateral estoppel does not apply, material issues of fact exist as to whether Barry acted with a subjective intent to harm or a subjective belief that harm was substantially certain to occur, and neither party is entitled to summary judgment. We therefore remand to the bankruptcy court to determine whether the debt is for a “willful injury” for dischargeability purposes.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.